IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00328-RJC-DSC

| | |
|---|---|
| AMBROSE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| | ) |
| FEDEX FREIGHT, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint," Doc. 7, filed August 3, 2017, and the parties' associated briefs and exhibits, Docs. 8, 10-12.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration. Having carefully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an employment discrimination action brought pursuant to Title VII of the 1964 Civil Rights Act ("Title VII") as amended, 42 U.S.C. § 2000e et seq. Plaintiff is an African American male who was employed by Defendant for eleven years. Plaintiff contends that he was subjected to race discrimination, a hostile work environment and wrongful termination during the course of his employment.

On May 10, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On March 16, 2017, the EEOC issued a Dismissal and Notice of Rights (hereinafter "Right to Sue Notice"). See Doc. 1 at 10. The EEOC advised Plaintiff that the Right to Sue Notice allowed him "to pursue the matter in court by filing a lawsuit within 90 days of [his] receipt of the dismissal notice. This 90-day period for filing a private lawsuit cannot be waived, extended or restored by EEOC." Id.

On June 16, 2017, Plaintiff filed his pro se Complaint. On August 3, 2017, Defendant filed this Motion to Dismiss arguing that Plaintiff failed to file his lawsuit within ninety days of receiving his Right to Sue Notice.

## II. DISCUSSION

It is well-settled that Title VII allows an aggrieved party ninety days after receipt of a Right to Sue Notice to file a civil action. 42 U.S.C. § 2000e-5(f)(1). A claimant who fails to file a complaint within the ninety day period generally forfeits his right to sue. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). This time period is subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The ninety day countdown begins upon the actual date of receipt when that date is "confirmed by evidence[.]" Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, No. 98–2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished per curiam); see also Grey v. Henderson, 169 F.Supp.2d 448, 451 (M.D.N.C. 2001).

Rule 6 of the Federal Rules of Civil Procedure governs the computation of time for federal statutes that do not otherwise specify a method for computing time, such as Title VII. See Fed.R.Civ.P. 6(a). Since the actual date of receipt is uncertain here, a presumption arises that Plaintiff received the Right to Sue Notice three days after it was issued or mailed. See Fed. R. Civ.

Pro. 6(d); see also Baldwin Ctny. Welcome Cent. v. Brown, 466 U.S. 147, 148 n. 1, (1984); Nguyen, 187 F.3d 630, 1999 WL 556446, at *3.

Neither party has presented any evidence regarding the actual date of receipt. In his Complaint, Plaintiff inexplicably alleges that he received the Right to Sue Notice on March 16, 2017-the same date that the Notice was mailed. Plaintiff states in his Response that he received his Right to Sue Notice in "late March 2017." Doc 10 at 1. The Right to Sue Notice is time stamped as having been mailed to Plaintiff on March 16, 2017. Applying the three day presumption, Plaintiff received the Right to Sue Notice on March 19, 2017. The ninety day filing period commenced on that day and ended on June 17, 2017. Plaintiff filed his Complaint on June 16, 2017, one day before the expiration of the ninety day period. His Complaint was timely filed. Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

### III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Complaint," Doc. 7, be DENIED.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d

at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: September 6, 2017

David S. Cayer
United States Magistrate Judge