UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-328-RJC-DSC

| AMBROSE CLARK, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| FEDEX FREIGHT, INC., | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on FedEx Freight, Inc.'s ("Defendant's") Motion to Dismiss, (Doc. No. 7); its Memorandum in Support, (Doc. No. 8); Ambrose Clark's ("Plaintiff's") Response, (Doc. No. 10); Defendant's Reply, (Doc. No. 11); the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending the Court deny Defendant's Motion, (Doc. No. 13); Defendant's Objection to the M&R, (Doc. No. 14); and Plaintiff's Reply, (Doc. No. 15).

**I.      BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

**II.     STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when

objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

It is well established that plaintiffs have 90 days to file civil actions under Title VII after receipt of their Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). Defendant claims that Plaintiff missed this window by two days. (Doc. No. 8 at 2). Plaintiff's Complaint lists March 16, 2017 as the date he received his Notice to Sue. (Doc. No. 1 at 2). Therefore, Defendant argues that he should have filed his current suit by June 14, 2017, not June 16, 2017. (Doc. No. 8 at 2).

The Magistrate Judge's M&R recognized an apparent error in Plaintiff's Complaint when he "inexplicably allege[d] that he received the Right to Sue Notice on March 16, 2017—the same date that the Notice was mailed." (Doc. No. 13 at 3). In Plaintiff's reply to Defendant's Motion to Dismiss, he stated that he received the EEOC Notice to Sue "in late March 2017." (Id.) (quoting (Doc. No. 10 at 1)). The M&R then recommends that, in the absence of a certain receipt date, the Court use the presumption that Plaintiff received the Notice to Due three days after it was mailed. (Id.) (quoting FED. R. CIV. PRO. 6(d); Baldwin Ctny. Welcome Cent. v. Brown, 466 U.S. 147, 148 n. 1, (1984)).

Defendant objects to the M&R, asserting that Plaintiff admitted in his Complaint that he received the Right to Due Notice on March 16, 2017 and that the use of the three-day presumption for calculating a plaintiff's receipt date is only used in instances where that date of receipt is unknown or in dispute. (Doc. No. 14 at 2–3).

The Court agrees with the Magistrate Judge. Defendant was correct in its Reply brief that Plaintiff's pro se status does not directly impact the 90-day rule. (Doc. No. 11 at 2). See also Baldwin Cty. Welcome Ctr., 466 U.S. at 152. However, the Court does liberally construe Plaintiff's Response to Defendant's Motion to read that he erred by listing the mailing date on the Right to Sue Notice as the date of his receipt of that Notice. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (affording pro se litigants a reasonable opportunity to articulate their causes of action); Pierre-Antoine v. ORKIN Extermination Co., No. CIV. PJM 12-2710, 2013 WL 1736664, at *2 (D. Md. Apr. 19, 2013) (accepting a plaintiff's statement that he mistakenly wrote that he received the EEOC right to sue letter on the same day that the EEOC mailed it because "[s]uch an occurrence would be highly unlikely to have happened."). The Magistrate Judge properly employed the three-day presumption in the wake of this mistake. Pierre-Antoine, 2013 WL 1736664, at *2.

After calculating the date of receipt in light of the three-day presumption under Fed. R. Civ. Pro. 6(d), Plaintiff's Complaint was received within the 90 day window mandated by 42 U.S.C. § 2000e-5(f)(1). Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;

2. FedEx Freight, Inc.'s Motion to Dismiss, (Doc. No. 7), is **DISMISSED.**

Signed: February 22, 2018

Robert J. Conrad, Jr.
United States District Judge